**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

---

THE LINCOLN NATIONAL  LIFE
INSURANCE COMPANY,
        Plaintiff/Counterdefendant,

        v.

COWBOY ATHLETICS, INC. and
T. BOONE PICKENS,
        Defendants/Counterclaimants/
        Third-Party Plaintiffs,

        v.

MANAGEMENT COMPENSATION
GROUP ● LEE INC.; JOHN RIDINGS
LEE; JOHN RIDINGS LEE COMPANY
INC.; JAMES GLENN TURNER, JR.;
LARRY ANDERS; SUMMIT ALLIANCE
FINANCIAL, L.L.P.,
        Third-Party Defendants.

: : : : : : : : : : : : : : : : : : : : : :

C.A. NO. 3:10-CV-173-P

---

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL
EXHIBITS 1, 2, 5, 7, 8, 9, 10 and 11 TO THE APPENDIX TO THE BRIEF
AND MEMORANDUM FILED BY DEFENDANTS IN RESPONSE TO MOTION TO
QUASH DEPOSITION OF DENNIS GLASS AND FOR PROTECTIVE ORDER**

In an effort to distract and harass The Lincoln National Life Insurance Company ("Lincoln") from addressing the substantive issues in this case, and to force it to jump through hoops, Defendants Cowboy Athletics, Inc. and T. Boone Pickens have filed an opposition (the "Response") to "Plaintiff's Motion to Seal Exhibits 1, 2, 5, 7, 8, 9, 10 and 11 to the Appendix to the Brief and Memorandum Filed by Defendants in Response to Motion to Quash Deposition of Dennis Glass and for Protective Order" (the "Motion"). The Defendants have filed this opposition despite the fact that they previously entered into a Confidentiality Agreement that protects these documents from disclosure. Moreover, the basis for opposing sealing of these

confidential documents is that Lincoln has not shown good cause to have the disputed exhibits (the "Documents") sealed and that the Motion is "contrary to N.D. Tex. Local Rule 79.4." However, as will be shown, these positions are meritless as Lincoln merely seeks to enforce the confidentiality order (the "Confidentiality Order") already agreed to by the parties to the case.

## I.   ARGUMENT

### A.   Lincoln Seeks Enforcement of the Confidentiality Order

Defendants claim that Lincoln has not shown good cause to have the Documents sealed. However, under the terms of the Confidentiality Order, Lincoln need not show good cause to have the documents sealed.  In support of this argument, Defendants cite a single case that is not applicable here.  The case cited by the Defendants, *Thermotek, Inc. v. WMI Enters., LLC*, No. 3:10-CV-2618-D, 2011 U.S. Dist. Lexis 42131 at *28-29 (N.D. Tex. Apr. 19, 2011), holds only that a party must show good cause in order for the court to issue a protective order.  However, in this case, Lincoln is not asking the Court to enter a protective order, because the Court has already done so.  Indeed, there is no need for a further showing of good cause, as Lincoln merely seeks to enforce the Confidentiality Order.

As noted in the Motion, the Confidentiality Order states, "[i]n the event a Party wishes to use any Confidential Information in any affidavit, brief, memoranda of law, exhibit, or other document filed with the Court, the Party shall comply with Local Rules 79.3 [regarding sealed documents][1] and 79.4, the Federal Rules of Civil Procedure, and any other applicable statute or rule."  Confidentiality Order, ¶ 9.  While Local Rule 79.3 does not require the filing under seal of confidential information, taken together with the terms of the Confidentiality Order requiring

---

[1]    Local Rule 79.3 states in pertinent part:  "A party may file under seal any document that a statute or rule requires or permits to be so filed.  The term 'document' as used in this rule, means any pleading, motion, other paper, or physical item that the Federal Rules of Civil Procedure permit or require to be filed."

parties to "take all necessary and prudent measures to maintain the confidentiality of such materials and information," it is clear that the Defendants were obligated to file the confidential exhibits to the Appendix under seal.[2] Accordingly, this Court should grant the Motion.

### B.     Local Rule 79.4 Allows Documents to Be Permanently Sealed

In their Opposition the Defendants also imply that Local Rule 79.4 does not permit this Court to allow documents to be permanently sealed prior to the final disposition of the case. However, the local rule clearly grants the court discretion regarding the sealing of documents.[3] Indeed, Texas courts often permanently seal documents involving trade secrets or commercial information, such as those contained in the Documents. *See Neon Enter. Software, LLC v. IBM*, No. A-09-CA-896 AWA, 2011 U.S. Dist. Lexis 79046 at *3 (W.D. Tex. July 20, 2011) ("It is not uncommon for a court to seal documents filed in a case when those records contain trade secrets [or] sensitive commercial information . . . .").

And while Local Rule 79.4 would normally allow documents to be unsealed once a matter is concluded, the nature of trade secrets and commercial information requires that such information remain sealed so as not to harm the producing party by revealing proprietary information to competitors. *See, e.g., Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 U.S. Dist. LEXIS 26720 at *2-3 (E.D.N.C. Mar. 15, 2011) (permanently sealing documents containing trade secrets). This Court has also approved the permanent sealing of

---

[2]     In the Response, counsel for the Defendants notes that when contacted by Lincoln's counsel regarding the public filing of the Documents, the Defendants' counsel did not oppose Lincoln's effort to have the Documents sealed by contacting the court clerk. However, once Lincoln filed the Motion, the Defendants changed their position taken during the meet and confer process and opposed the Motion.

[3]     Local Rule 79.4 states, "***Unless the presiding judge otherwise directs***, all sealed documents maintained on paper will be deemed unsealed 60 days after the final disposition of a case. A party that desires that such a document remain sealed must move for this relief before the expiration of the 60-day period. The clerk may store, transfer, or otherwise dispose of unsealed documents according to the procedure that governs publicly available court records." (emphasis added)

documents.  *See Ericsson, Inc. v. InterDigital Communs. Corp.*, No. 3:93-CV-1809-M, 2004 U.S. Dist. Lexis 11615 at *4 (N.D. Tex. June 3, 2004) *rev'd on other grounds*, 418 F.3d 1217 (Fed. Cir. 2005).

In this case, the Court has the discretion to permanently seal the Documents, and because the Documents contain trade secrets and other proprietary information, the Court should do so. This is especially true since the Defendants should have filed the Documents under seal pursuant to the Confidentiality Order in the first place.

## III.   CONCLUSION

For all of the foregoing reasons, Lincoln respectfully requests that its Motion be granted.


Dated: February 17, 2012

/s/ Raymond E. Walker
Andrew G. Jubinsky
Texas State Bar No. 11043000
andy.jubinsky@figdav.com
Raymond E. Walker
Texas State Bar No. 24037663
ray.walker@figdav.com
FIGARI & DAVENPORT, LLP
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000 (Phone)
(214) 939-2090 (Fax)

Charles J. Vinicombe
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
(215) 988-2700 (Phone)
(215) 988-2757 (Fax)

*Attorneys for Plaintiff*
*The Lincoln National Life Insurance*
*Company*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2012, I electronically transmitted the foregoing "Reply in Support of Plaintiff's Motion to Seal Exhibits 1, 2, 5, 7, 8, 9, 10 and 11 to The Appendix to The Brief and Memorandum Filed By Defendants in Response to Motion to Quash Deposition of Dennis Glass and for Protective Order" to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel via the Court's electronic filing system CM/ECF.

*/s/ Raymond E. Walker*
Raymond E. Walker