**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,      Plaintiff/Counter-Defendant, | § § § § | |
| v. | § § | |
| COWBOY ATHLETICS, INC. and T. BOONE PICKENS,      Defendants/Counter-Plaintiffs, | § § § § § | CAUSE NO: 3:10-CV-173-P |
| v. | § § | |
| MANAGEMENT COMPENSATION GROUP LEE INC., JOHN RIDINGS LEE, JOHN RIDINGS LEE COMPANY, INC., JAMES GLENN TURNER, JR., LARRY ANDERS, and SUMMIT ALLIANCE FINANCIAL, LLP,      Third-Party Defendants. | § § § § § § § § | |

**THIRD-PARTY DEFENDANT JAMES GLENN TURNER, JR.'S MOTION TO STRIKE
SUPPLEMENTAL EXPERT REPORT AND BRIEF IN SUPPORT THEREOF**

**TO THE HONORABLE JUDGE JORGE A. SOLIS:**

Third-Party Defendant James Glenn Turner, Jr. ("Turner") hereby moves the Court to strike the supplemental expert report of Daryll W. Martin, and any additional supplemental expert reports served by Third-Party Plaintiffs, and to preclude Mr. Martin and any additional expert witnesses designated by Third-Party Plaintiffs from testifying at trial as to the opinions or other information contained in such supplemental expert reports. In support of his motion, Turner would respectfully show the Court as follows:

## I.     INTRODUCTION

On February 21, 2012, over five months after their expert report deadline and less than eight weeks before trial, Third-Party Plaintiffs served a supplemental report of Daryll Martin, one of their retained expert witnesses. The report was served at approximately 7:30 pm the evening before Mr. Martin's deposition.[1] A second expert witness retained by Third-Party Plaintiffs, J. Daniel Perkins, has indicated in his deposition that he also intends to submit a supplemental report prior to trial.[2]

Contrary to the requirements of Rule 16 of the Federal Rules of Civil Procedure, Third-Party Plaintiffs have not even asserted, much less demonstrated, good cause to modify the Scheduling Order to allow for supplementation of their expert reports and have not even sought, much less obtained, the Court's consent to any such modification. Supplementation of one or more expert reports, moreover, would result in prejudice to Turner. As a result, Turner requests that the Court strike Mr. Martin's supplemental report, as well as any additional supplemental reports served by Third-Party Plaintiffs, and preclude Mr. Martin and any other expert witnesses designated by Third-Party Plaintiffs from testifying at trial as to the opinions or other information contained in any such supplemental reports.

## II.     ARGUMENT AND AUTHORITIES

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order may be modified only for good cause and with the judge's consent. FED. R. CIV. P. 16. In deciding

---

[1] App. 4.

[2] App. 21 (Perkins Depo., 34:7-21). A third expert witness designated by Third-Party Plaintiffs, Philip Bieluch, also submitted a supplemental report on February 27, 2012. On Thursday, March 1, 2012, less than an hour before the start of Mr. Bieluch's deposition, counsel for Third-Party Plaintiffs informed the other parties that "[a] situation ha[d] arisen" and Mr. Bieluch's deposition would not go forward as scheduled. App. 22. On Monday, March 5, 2012, counsel for Third-Party Plaintiffs announced that they were de-designating Mr. Bieluch as a testifying expert. App. 24.

whether a party has shown good cause, courts consider four factors: 1) the explanation for failure to timely move for leave to amend; 2) the importance of the amendment; 3) potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice. *Info-Power Int'l, Inc. v. Coldwater Tech., Inc.*, 2008 WL 5552245, *3 (N.D. Tex. Dec. 31, 2008) (*Solis, J.*); *see also Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). Mr. Martin's supplemental report, as well as any supplemental report subsequently submitted by Mr. Perkins or any other expert witness retained by Third-Party Plaintiffs, should be stricken because: 1) Third-Party Plaintiffs have not demonstrated good cause to modify the Scheduling Order or obtained the Court's consent to any such modification; and 2) supplementation of one or more expert reports by Third-Party Plaintiffs would be prejudicial to Turner and the other parties to this case.

A.   **Third-Party Plaintiffs Have Not Demonstrated Good Cause or Obtained the Court's Consent to the Modification of the Scheduling Order**

The Court's Scheduling Order established a deadline of September 15, 2011 for Third-Party Plaintiffs to designate expert witnesses and serve expert reports. Mr. Martin's supplemental report, however, was not served until February 21, 2012, more than five months after the expert report deadline.[3] While Mr. Perkins has not yet served a supplemental report, he claimed in his deposition that he intends to do so this month.[4]

Despite the express requirements of Rule 16, Third-Party Plaintiffs have not even asserted, much less demonstrated, good cause to modify the Scheduling Order. For example, Third-Party Plaintiffs have not provided any explanation for their failure to timely submit a complete report and have not demonstrated the importance of the additional opinions offered by

---

[3] App. 4.

[4] App. 21 (Perkins Depo., 34:7-21).

Mr. Martin. *Reliance*, 110 F.3d at 257. Similarly, Third-Party Plaintiffs have not even sought, much less obtained, the Court's consent to a modification of the Scheduling Order. As a result of their failure to even attempt to comply with Rule 16, Mr. Martin's untimely supplemental report should be stricken in its entirety.

**B.     Supplementation of Expert Reports Would Be Prejudicial to Turner**

In addition to Third-Party Plaintiffs' failure to comply with Rule 16, Mr. Martin's supplemental report should be stricken because allowing Third-Party Plaintiffs to supplement expert reports would be prejudicial to Turner and the other parties. As discussed, *supra*, Third-Party Plaintiffs served Mr. Martin's supplemental report more than five months after their expert witness deadline and approximately two months after the close of fact discovery. The supplementation of Mr. Martin's report so long after the expert witness and discovery deadlines (and less than eight weeks before trial) is prejudicial on its face.

Moreover, a party is not permitted to supplement whenever it wants to, but is obligated to do so when the party discovers that the information it has disclosed is incomplete or incorrect. *Coles v. Perry*, 217 F.R.D. 1, 3 (D.D.C. 2003). Mr. Martin's supplemental report, however, goes far beyond merely correcting previous information that was incomplete or incorrect.[5] For example, Mr. Martin offers extensive additional opinions regarding a separate insurance program involving the Village Church in Kansas, as well as the development and marketing of the "Charitable Insurance Pool" or "CIP" program by Transamerica and some of the Third-Party Defendants.[6] Mr. Martin also, for the first time, purports to offer opinions regarding "the

---

[5] By this motion, Turner seeks to strike Mr. Martin's supplemental report in its entirety. Turner reserves the right to move to exclude or limit Mr. Martin's testimony regarding opinions or other matters contained in Mr. Martin's supplemental report.

[6] App. 7, 9-10.

standard of care for agents selling life insurance to charitable institutions" such as Cowboy Athletics and engages in rank speculation regarding the alleged "expectations" and intent of Cowboy Athletics.[7]

The supplementation of Mr. Martin's report to add new opinions, particularly with regard to the Village Church and Transamerica's CIP program, would be prejudicial to Turner.[8]  First, at a minimum, it would require Turner's experts to review not only Mr. Martin's supplemental report, but also extensive deposition testimony, documents, and other information regarding both the Village Church program (which was launched in 2001 and involved approximately 1,000 insureds) and the CIP program, a program launched by Transamerica that, upon information and belief, involved numerous agents across the country.  The process of reviewing such information and providing supplemental rebuttal reports would be expensive and time-consuming.

Second, given Mr. Martin's new opinions regarding the purported duties and standard of care of agents in the specific context of charitable institutions, it is likely that Turner and other parties would need to designate at least one additional expert witness with sufficient expertise in that narrow field.

Third, as indicated above, both the Village Church program and the CIP program appear to be large, complex insurance programs that were launched over a decade ago.  While Third-Party Plaintiffs quickly noticed and took a handful of depositions of individuals associated with Transamerica and the Village Church in the days before the discovery deadline, additional

---

[7] App. 7-8.

[8] Mr. Martin's new opinions regarding the Village Church and the CIP program would be particularly prejudicial to Turner because he was not involved in either of those programs.

depositions and written discovery would likely be required to fully respond to the opinions offered by Mr. Martin regarding these programs.[9]

In sum, the supplementation of Mr. Martin's report would be prejudicial to Turner because it would be time-consuming and expensive for Turner's expert witnesses to properly respond to the new opinions offered by Mr. Martin. Even in the unlikely event that Mr. Martin's new opinions would not require additional fact discovery or the designation of an additional rebuttal expert, it would be difficult, if not impossible, to properly respond to Mr. Martin's new opinions given the April 16, 2012 trial setting.

### III. CONCLUSION

For the reasons set forth above, Third-Party Defendant James Glenn Turner, Jr. respectfully requests that the Court strike the supplemental expert report of Daryll W. Martin, as well as any additional supplemental expert reports that may be served by Third-Party Plaintiffs.

Respectfully submitted,

**STACY & CONDER, LLP**

/s/ Clinton D. Howie_____
Roy L. Stacy
State Bar No. 18988900
Clinton D. Howie
State Bar No. 00796782
901 Main Street, Suite 6220
Dallas, Texas 75202
Telephone:   (214) 748-5000
Facsimile:    (214) 748-1421

---

[9] Significantly, Third-Party Plaintiffs' pleadings and responses to Turner's discovery requests are devoid of any allegations regarding either the Village Church or the CIP program. Additional discovery would likely be required given the lack of fair notice regarding such allegations.

**DEALEY, ZIMMERMAN, CLARK,
MALOUF & BLEND, P.C.**

Mark J. Zimmerman
State Bar No. 22276420
Tom C. Clark
State Bar No. 04298750
3131 Turtle Creek Blvd., Suite 1201
Dallas, Texas 75219-5415
Telephone:     (214) 521-2800
Facsimile:      (214) 521-2990

**ATTORNEYS FOR THIRD-PARTY
DEFENDANT JAMES GLENN TURNER, JR.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 7, 2012, I conferred with Mary Rahmes, counsel for Third-Party Plaintiffs, regarding the relief requested in this motion. Ms. Rahmes indicated that Third-Party Plaintiffs opposed the relief requested herein.

*/s/ Clinton D. Howie*_____
Clinton D. Howie

## CERTIFICATE OF SERVICE

On March 8, 2012, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system (CM/ECF) of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Clinton D. Howie*_____
Clinton D. Howie